IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHON ROY FOWLER,

          Plaintiff,

vs.                              Case No. 09-1318-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

          Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On August 12, 2009, administrative law judge (ALJ) Alison K. Brookins issued her decision (R. at 14-22). Plaintiff alleges that he has been disabled since November 7, 2006 (R. at 14). Plaintiff is insured for disability insurance benefits through March 31, 2007 (R. at 16). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since November 7, 2006, the alleged onset date (R. at 16). At step two, the ALJ found that plaintiff had the following severe

4

impairments: dysthymic disorder (current); cervical degenerative disc disorder (DDD), status post fusion; and status post left ulnar release (R. at 16). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 17). After determining plaintiff's RFC (R. at 18), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 20). At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 21-22). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 22).

**III. Did the ALJ err by failing to document his findings under 20 C.F.R. § 404.1520a?**

In evaluating mental impairments, the ALJ is required to make findings in four broad areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The ALJ decision must include a specific finding as to the degree of limitation in each of the functional areas. 20 C.F.R. 404.1520a(e)(2). Plaintiff argues that the ALJ failed to provide the findings required by the regulations.

In his decision, the ALJ made the following findings:

> In activities of daily living, the claimant has mild restriction. The claimant has been able to take care of his personal needs without assistance, and has been physically active caring for and playing with his

5

> children. In social functioning, he has
> moderate difficulties. At times, the claimant
> has difficulty getting along with others.
> With regard to concentration, persistence or
> pace, the claimant has moderate difficulties.
> As for episodes of decompensation, the
> claimant has experienced no episodes of
> decompensation, which have been of extended
> duration.

(R. at 17). The ALJ therefore made specific findings as the degree of plaintiff's functional limitations in each of the four areas. Furthermore, the ALJ's findings match the opinions of Dr. Adams in her report (R. at 445, 455). Thus, the court finds that the ALJ has complied with the requirements of the regulation, and further determines that the ALJ's findings are supported by substantial evidence in the record.

**IV. Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891

6

n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ made the following RFC findings for the plaintiff:

> After careful consideration of the entire
> record, I find that the claimant has the

>residual functional capacity to perform light
>work as defined in 20 CFR 404.1567(b) and
>416.967(b) except he can occasionally stand,
>sit, walk and climb stairs. He can constantly
>balance. He is limited in his ability to move
>his head forward and cannot move his head
>backwards secondary to cervical degenerative
>disc disease. In regards to mental
>limitations, the claimant is moderately
>limited in the ability to interact
>appropriately with the general public.

(R. at 18). In making his RFC findings, the ALJ gave significant weight to a functional capacity evaluation dated July 10, 2003, stating as follows:

>Since the August 16, 2001 opinion of
>disability, on July 10,2003, the claimant
>underwent a Functional Capacity Evaluation
>(FCE) at which time the results indicated
>that he functioned in the light exertional
>range. The results are demonstrative of
>improvement in his mobility and functional
>limitations. The claimant demonstrated an
>occasional maximum of 30 pounds and a
>frequent maximum of 30 pounds for the full
>range of motion of floor to shoulder dynamic
>lifting. (Exhibit 10F-14) It was determined
>that he could perform all jobs up to and
>including the light category, which is the
>ability to lift occasionally 20 pounds,
>frequently 10 pounds. The claimant could
>occasionally stand, sit, walk, and climb
>stairs. I give the results of the FCE
>significant weight because the results are
>basically consistent with the medical
>evidence and the claimant's daily activities.

(R. at 19).

Plaintiff argues that the FCE was generated by a physical therapist, who is not an acceptable medical source under the regulations (Doc. 14 at 8). "Acceptable medical sources" include

licensed physicians and licensed or certified psychologists. 20 C.F.R. § 404.1513(a)(1)-(2); 20 C.F.R. § 404.1502.

A therapist is not an "acceptable medical source" under the regulations. 20 C.F.R. § 404.1513(a). However, evidence from "other medical sources," including therapists, may be based on special knowledge of the individual and may provide insight into the severity of an impairment and how it affects the claimant's ability to function. Opinions from other medical sources are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file. The fact that an opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because "acceptable medical sources" are the most qualified health care professionals. However, depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. SSR 06-03p, 2006 WL 2329939 at **2,3,5.

Therefore, although plaintiff's physical therapist is not an "acceptable medical source," he is an "other medical source" who may be relied on to determine the severity of plaintiff's

impairments and how they affect plaintiff's ability to function. Furthermore, the FCE was reviewed by Dr. Horton, who accepted the findings in the FCE and opined that plaintiff was capable of participating in light work with a 20 pound weight lifting restriction (R. at 346). The court finds that the ALJ could reasonably rely on the opinions of the physical therapist in making his RFC findings for the plaintiff.

Plaintiff argues that the FCE does not define "light" work (Doc. 14 at 8). However, the FCE indicates that light work requires the ability to lift 20 pounds occasionally and 10 pounds frequently (R. at 316). Furthermore, this definition is consistent with the definition of "light" work in the regulations. 20 C.F.R. § 404.1567(b).

The plaintiff also argues that the FCE is hardly reliable in social security disability cases (Doc. 14 at 8). However, Dr. Horton relied on the FCE to find that plaintiff could perform light work with a 20 pound weight lifting restriction (R. at 346). There is no medical evidence in the record that indicates that plaintiff's RFC is more limited than that set forth in the FCE, and there is no medical opinion evidence in the record that contradicts or questions the opinions set forth in the FCE. The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903,

905, 908, 909 (10th Cir. 2002). The court finds that substantial evidence in the record supports the ALJ's reliance on the findings in the FCE.

Plaintiff argues that the ALJ erred by relying on an FCE from July 10, 2003, which predates the alleged onset date of disability, November 7, 2006 (Doc. 14 at 9-10). In the case of Lackey v. Barnhart, 127 Fed. Appx. 455, 458 (10th Cir. April 5, 2005), the court held as follows:

> The Commissioner argues that Dr. Metcalf's records are "irrelevant to the period [under] review," because he expressed his final opinions several months before the alleged onset date of plaintiff's total disability. Aplee. Br. at 11...No authority is cited for the proposition that medical reports prior to the operative onset date are categorically irrelevant and, indeed, our precedent is to the contrary. See Hamlin v. Barnhart, 365 F.3d 1208, 1223 n. 15 (10th Cir.2004) (holding medical reports predating disability period at issue "are nonetheless part of [the claimant's] case record, and should have been considered by the ALJ").

127 Fed. Appx. At 458. The ALJ could reasonably rely on an FCE which predated the onset date, particularly, as in this case, when there is no medical evidence, including medical evidence after the alleged onset date, that disputes or contradicts the FCE findings, and there is no medical evidence in the record that indicates that plaintiff's RFC is more limited than that set

11

forth in the FCE.[1]

Plaintiff argues that the ALJ erred by not placing any limits on plaintiff's hands, noting that the jobs identified by the VE as jobs that plaintiff could perform require the ability to frequently (i.e., more than occasionally) handle, grasp and finger (R. at 55) (Doc. 14 at 4-6). Plaintiff notes that Dr. Blough stated on October 15, 2003 that plaintiff has weakness in his left shoulder, elbow, wrist and left grip strength; he also noticed decreased sensation in three digits of the left hand (R. at 388). Dr. Blough went on to find that plaintiff had a 32% permanent impairment in his left arm/elbow due to a loss of range of motion, weakness, loss of sensation, and additional impairment due to internal derangement from his injuries and surgical intervention (R. at 389). However, Dr. Blough did not specifically indicate that plaintiff can handle, grasp or finger on less than a frequent basis.

---

[1] In their reply brief, plaintiff notes that he engaged in work defined as "very heavy" (lifting 50-100 lbs.) in 2004 and work defined as "medium" (lifting 25-50 lbs.) work in 2006 (Doc. 18 at 2; R. at 246). Plaintiff argues that the fact that plaintiff performed this work undermines the validity of the FCE findings in 2003 limiting him to light work. However, evidence that plaintiff's physical limitations may be less restrictive than the limitations found in the ALJ's RFC findings is clearly harmless error. Furthermore, a work history report filled out by plaintiff regarding his 2004 employment indicated that there was no lifting or carrying involved in that job (R. at 203-204). In addition, plaintiff testified that he lost the 2006 job because he was unable to perform it and missed a lot of work (R. at 40-41).

Furthermore, on November 25, 2003, Dr. Pettigrew opined that plaintiff had only a 5% permanent impairment in his left arm (R. at 395), and he did not indicate that plaintiff can handle, grasp or finger on less than a frequent basis.  On December 29, 2007, Dr. Jones, in a consultative examination, noted diminished grip strength on the left side, but also noted that a full fist was attainable on the left side.  Dr. Jones stated that plaintiff's dexterity is preserved (R. at 421, 422).  Dexterity is defined as: readiness and grace in physical activity; especially regarding skill and ease in using the hands.[2]  Dr. Jones did not indicate that plaintiff can handle, grasp or finger on less than a frequent basis.  In fact, there is no medical evidence indicating that plaintiff can handle, grasp or finger on less than a frequent basis.  In the absence of any medical evidence indicating that plaintiff can handle, grasp or finger on less than a frequent basis, the court finds that the ALJ did not err by failing to include these limitations in his RFC findings for the ALJ.

Plaintiff also argues that the ALJ's RFC findings allowed for no restriction for overhead work (Doc. 14 at 5-6).  Admittedly, the ALJ's RFC findings is silent on overhead work.  However, in the ALJ's hypothetical question to the VE, the ALJ

---

[2]The Merriam-Webster Concise School and Office Dictionary (1991 at 142).

13

asked the VE if a person with the limitations set forth in the FCE (Exhibit 10F) could perform other work in the national economy (R. at 52-54). Based on the FCE, the VE identified jobs which plaintiff could perform with those limitations (R. at 54). The ALJ relied on this testimony and found that plaintiff could perform the jobs identified by the VE (R. at 21-22). The FCE stated that plaintiff was limited to occasional overhead reaching (R. at 316, 317). Because the ALJ provided this limitation to the VE, the ALJ's failure to include this limitation in the RFC findings in his decision is clearly harmless error.

Plaintiff's final argument is that the FCE is unclear, and that the VE did not understand it (Doc. 18 at 2). However, the VE never testified that the FCE was unclear or that he could not understand it. Furthermore, the VE did not testify that it was difficult or impossible to offer opinions regarding plaintiff's ability to work based on the information contained in the FCE. In fact, the VE was able to offer opinions regarding work that plaintiff could perform based on the information contained in the FCE.

In conclusion, the court finds that the ALJ could reasonably rely on the FCE evaluation. Furthermore, the court finds that the ALJ's RFC findings are supported by substantial evidence.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to the fourth sentence of 42

U.S.C. § 405(g).

Dated this 10th day of November, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge